NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  17a0516n.06

Case No. 16-3893

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM FARLEY, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Sep 05, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| EATON CORPORATION, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Respondent-Appellee. | ) | |
| | ) | |
| _____/ | ) | |

Before:  MERRITT, BATCHELDER, and CLAY, Circuit Judges.

PER CURIAM.  Eaton Corporation, as the prevailing party in our recent decision affirming the district court's affirmation of an arbitrator's final award, *Farley v. Eaton Corp.*, No. 16-3893, 2017 WL 3084417 (6th Cir. July 20, 2017), has moved for an award of attorney fees and costs pursuant to the Amended and Restated Payment Procedures Agreement between the parties.[1]  Eaton seeks $104,158.84 for its fees and costs incurred solely to litigate the appeal in our court.[2]  The fee request for 331.1 hours breaks down as follows:  (1) 78.1 hours at $600

---

[1] Section 7.10 of the Amended and Restated Payment Procedures Agreement provides that the "prevailing party" in "any action or proceeding . . .  to enforce the terms and provisions of this Agreement . . . [is] entitled to reasonable attorney's fees and costs."

[2] The arbitrator awarded Eaton a total of $902,106.64 for costs and fees associated with the arbitration, and the district court awarded Eaton $75,621.38, an amount affirmed on appeal.  Including the fees and costs requested in this motion, Eaton has requested in excess of $1 million for costs and fees.

per hour for partner Vincent Atriano; (2) 243.6 hours at $225 per hour for associate Reed Sirak; and (3) 9.4 hours at $165 per hour for legal assistant Alexis Black.

Attorney fees are generally not recoverable as costs or damages unless expressly allowed by statute, court rule, contract, or a common-law exception. However, contractual provisions obligating the losing party to pay reasonable attorney fees are generally valid and judicially enforceable under the same standard as other contractual provisions. Because Eaton has shown that it is entitled to an award of attorney fees pursuant to the Amended and Restated Payment Procedures Agreement, we must determine whether the requested fees are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (prevailing party has burden of proving reasonableness of fees). Farley opposes the motion primarily on the ground that the fees requested are unreasonable because they are excessive and duplicative. Farley does not contest that Eaton is the prevailing party, and he does not contend that the hourly rates for the billing attorneys and legal staff are excessive.

We begin by noting that out of a total of 331 hours billed by Eaton's attorneys for the appeal, 61.3 hours, or approximately 20%, were spent preparing the motion for attorney fees. Farley argues that the entire motion was unnecessary because Eaton "should" have tried to negotiate an agreed amount of attorney fees and costs before filing a motion with this court. Although it appears as though the arbitrator directed the parties to negotiate the attorney fees amount in his interim award, and this court agrees that an out-of-court settlement of fees is preferable when possible, Farley points to nothing in the Agreement or the law that required Eaton to attempt to negotiate attorney fees and costs once the proceeding moved outside of the arbitrator's jurisdiction. We therefore apply the same "reasonableness" standard to "fee for fees"-stage billing as we do to the rest of the fee application. *The Ne. Ohio Coal. for the*

*Homeless v. Husted*, 831 F.3d 686, 721-23 (6th Cir. 2016) (citing *Hensley*, 461 U.S. at 429). The amount of time spent by the lawyers in preparing the motion is grossly excessive. The Agreement provides for the payment of fees to the prevailing party, so preparing the motion should not have required more than a minimum of legal research. The work should have been mostly non-legal, consisting primarily of tallying up and reviewing the hours spent on the appeal. Because we find the time spent by the two lawyers was unreasonable under the circumstances, we reduce it to a total of 10 hours: 3 hours for partner Atriano and 7 hours for associate Sirak for a total of $3,375.

In addition to the excessive hours requested to prepare the motion for attorney fees, the amount requested for attorney fees for the merits portion of the appeal is also excessive because the arguments raised on appeal were duplicative of those raised in the district court. Eaton has submitted reimbursement for over 250 hours for preparation of an appeal that involved filing one brief and preparing for oral argument. No new issues or facts were raised on appeal, so the appeal consisted entirely of repeating the same arguments previously litigated. There was no need for Eaton to conduct extensive additional research on appeal. While we recognize that it was Farley's decision to continue to litigate this dispute over many years, thereby running up the fees incurred for both parties, we find that the hours submitted by Eaton for the appeal are excessive. *See, e.g., The Nature Conservancy, Inc. v. Sims*, No. 5:07-cv-112, 2013 WL 1332445, *2 (E.D. Ky. Mar. 28, 2013) (hours spent on appeal were "unreasonable" where the appeal turned on the same legal issues presented previously).

While we accept the billing rates submitted by Eaton because Farley has not opposed them, we credit Eaton with approximately 50% of the attorney hours submitted for time billed prior to July 20, 2017. We therefore credit partner Atriano with 35.6 hours for a total of

$21,360, associate Sirak with 96.2 hours for a total of $21, 645, and we do not reduce the hours of legal assistant Black, crediting her with 9.4 hours for a total of $1,551, for a total of $44,556 for the period prior to July 20, 2017. Combined with the $3,375 awarded for the post-July 20 period, the total fee award to be paid by Farley to Eaton Corporation is $47,931.

For the foregoing reasons, defendant Eaton Corporation's motion for an award of attorney fees and costs is granted in part and denied in part.